United States District Court
Southern District of Texas
**ENTERED**
June 05, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Carlos O. Gapasin and Rosalynn D. Gapasin, §§§ | |
| *Plaintiffs,* §§ | |
| v. §§ | Case No. 4:23-cv-02866 |
| Sand Canyon Corporation,[1] et al., §§ | |
| *Defendants.* § | |

## <u>MEMORANDUM AND RECOMMENDATION</u>

Three motions are pending in this mortgage dispute. Defendants Wells Fargo Bank, National Association as Trustee for Soundview Home Loan Trust 2007-OPT3, Asset-Backed Certificates, Series 2007 ("Wells Fargo") and Mortgage Electronic Registration Systems, Inc. ("MERS") have moved for summary judgment on all claims filed by Plaintiffs Carlos O. Gapasin ("Mr. Gapasin") and Rosalynn D. Gapasin ("Ms. Gapasin") (collectively, the "Gapasins").[2] Dkt. 11. Defendant Sand Canyon Corporation (formerly Option One Mortgage Corporation) has filed a motion to dismiss all claims. Dkt. 12. In turn, the Gapasins have moved for summary judgment against Wells Fargo,

---

[1] The Gapasins misnamed Sand Canyon as "Sandy" Canyon.

[2] The Gapasins filed an amended complaint without obtaining the necessary leave of court under Fed. R. Civ. P. 15(a)(2). *See* Dkt. 4. But in the interests of efficiency, and upon finding no material additions, the Court accepts the non-compliant filing.

MERS, and Sand Canyon.  Dkt. 20.  Subsequently, the case was referred to the undersigned judge.  Dkt. 23.

After carefully considering the motions, responses, Dkt. 13,[3] 14, 21, 22, replies, Dkt. 15, 16, the record, and the applicable law, it is recommended that Wells Fargo's and MERS's motion for summary judgment (Dkt. 11) and Sand Canyon's motion to dismiss (Dkt. 12) be granted, and the Gapasins' motion for summary judgment (Dkt. 20) be denied.

## Background

In May 2007, Mr. Gapasin obtained a loan for the principal amount of $136,000 from Sand Canyon, supported by a promissory note and secured by a deed of trust on his property at 7403 Oakwood Canyon Drive, Cypress, Texas 77433 (the "Property").  Dkt. 4 ¶¶ 27-28, 36; Dkt. 4-1 at 2-4 (PX-A, note); *id.* at 7-22 (PX-B, deed of trust); Dkt. 11-1 ¶ 7 (DX-A, PHH Mortgage declaration). Ms. Gapasin co-signed the deed of trust.  *See* Dkt. 4-1 at 4; Dkt. 11-3 at 9 (DX-A-2, deed of trust).  MERS is not listed as a beneficiary in the deed of trust. *See* Dkt. 11-3.

After the loan's sale to Financial Asset Securities Corporation ("FASCO") for securitization purposes, Wells Fargo acquired the loan under a Pooling and

---

[3] Without leave of court, the Gapasins filed a tardy response that the Court is entitled to disregard.  *See* Judge Alfred H. Bennett, Court Procedures and Practices § B.5. Nevertheless, there are no claims of prejudice, and the Court finds none.  The Court will therefore accept the filing as timely, *nunc pro tunc.*

Service Agreement ("PSA") on or before July 10, 2007.  *See* Dkt. 4 ¶¶ 30, 54; Dkt. 4-1 at 87, 89; Dkt. 11-1 ¶ 8.  Wells Fargo also obtained possession of the note, indorsed in blank, at that time.  Dkt. 11-1 ¶ 9.  In April 2011, Sand Canyon assigned the note and deed of trust to Wells Fargo as recorded in the Real Property Records of Harris County.  Dkt. 11-4 (DX-A-3, assignment).  Five years later, Mr. Gapasin executed a loan modification agreement with Ocwen Loan Servicing, LLC, who serviced the loan from February 2013 until May 2019.  Dkt. 11-1 ¶¶ 6, 10; Dkt. 11-5 (DX-A-4, loan modification agreement).

In June 2018, Mr. Gapasin defaulted on the loan, prompting Ocwen to send him a notice of default in December 2018.  Dkt. 11-1 ¶ 12; Dkt. 11-7 (DX-A-6, default notice).  The following year, Ocwen merged with and into PHH Mortgage Corporation—Wells Fargo's authorized loan servicer—who sent Mr. Gapasin a notice of intention to foreclose in July 2019.  Dkt. 11-1 ¶¶ 6, 11, 13; Dkt. 11-6 (DX-A-5, certificate of merger); Dkt. 11-8 (DX-A-7, notice of intention to foreclose).  PHH then retained Power Default Services, Inc. ("PDS") to act as the substitute trustee under the deed of trust and execute a notice of substitute trustee sale of the Property.  Dkt. 11-10 ¶ 4 (DX-B, PDS declaration); Dkt. 11-12 (DX-B-2, notice of sale).  PDS mailed the Gapasins the notice of sale and a notice of acceleration.  Dkt. 11-10 ¶ 7; Dkt. 11-13 (DX-B-3, affidavit of mailing and notice of acceleration and notice of sale).  As of January 3, 2023, the total amount due on the Loan was $264,640.67.  Dkt. 11-1 ¶ 14.

The Property was sold at a non-judicial foreclosure sale to Everlasting Real Estate Investments on January 3, 2023, for $236,000.  Dkt. 11-1 ¶ 15; Dkt. 11-10 ¶ 8; *see also* Dkt. 11-9 (DX-A-8, substitute trustee's deed).  Title to the Property was transferred to Everlasting through a substitute trustee's deed, as recorded on January 27, 2023.  Dkt. 11-9.

Five months later, the Gapasins filed this suit against Sand Canyon, Greenwich Capital, Wells Fargo, MERS, and "1 through 100" unidentified defendants.  Dkt. 1-3 (PX-A-2, original complaint).  Their amended complaint asserts claims for wrongful foreclosure, quiet title, "temporary restraining order and injunctive relief," and "declaratory relief" against all Defendants, and breach of contract against Sand Canyon and MERS.  Dkt. 4 at 8-13.

Wells Fargo and MERS removed the case to this Court based on diversity jurisdiction.  Dkt. 1.  They then moved for summary judgment on all claims.  Dkt. 11.  Sand Canyon moved to dismiss the suit under Fed. R. Civ. P. 12(b)(6), Dkt. 12, and the Gapasins filed their own motion for summary judgment, Dkt. 20.  All motions are ripe for review.

## Legal standard

### I.   Motion to dismiss

Dismissal under Rule 12(b)(6) is warranted if a party fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a

claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). When resolving a Rule 12(b)(6) motion, the court "accept[s] all well-pleaded facts as true and view[s] those facts in the light most favorable to the plaintiffs." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (internal quotation marks omitted).

When resolving a Rule 12(b)(6) motion, courts can consider all documents referenced and incorporated in the complaint, as well as any facts for which judicial notice is appropriate. *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (affirming judicial notice of publicly available documents containing matters of public record); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (considering the terms of contracts that were not attached to, but were referenced in, the complaints).

## II.   <u>Summary judgment</u>

Summary judgment is warranted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Westfall v. Luna*, 903 F.3d 534, 546 (5th Cir. 2018) (quoting *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986)).   A fact is material if the issue it addresses "could affect the outcome of the action." *Dyer v. Houston*, 964 F.3d 374, 379-80 (5th Cir. 2020) (citing *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010)).

When resolving a motion for summary judgment, courts must view the facts and any reasonable inferences "in the light most favorable to the nonmoving party." *Amerisure Ins. Co. v. Navigators Ins. Co.*, 611 F.3d 299, 304 (5th Cir. 2010) (internal quotation marks omitted).   "[T]he court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party ...." *Union Pac. Res. Grp., Inc. v. Rhone-Poulenc, Inc.*, 247 F.3d 574, 584 (5th Cir. 2001).   In addition, courts must credit all reasonable inferences from the evidence, without "weigh[ing] evidence or mak[ing] credibility findings." *Seigler v. Wal-Mart Stores Tex., L.L.C.*, 30 F.4th 472, 476 (5th Cir. 2022) (citations omitted).   But "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Luna v. Davis*, 59 F.4th 713, 715 (5th Cir. 2023) (quoting *Brown v. City of Hous.*, 337 F.3d 539, 541 (5th Cir. 2003)).

## III.   *Pro se* **pleadings**

The court liberally construes *pro se* pleadings.   *Butler v. S. Porter*, 999 F.3d 287, 292 (5th Cir. 2021) (citing *Haines v. Kerner*, 404 U.S. 519, 520-

21 (1972)).  Even so, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Prescott v. UTMB Galveston Tex.*, 73 F.4th 315, 318 (5th Cir. 2023) (quoting *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).  *Pro se* parties also "must comply with the Federal Rules of Civil Procedure and present proper summary judgment evidence." *Rolen v. City of Brownsfield*, 182 F. App'x 362, 365 (5th Cir. 2006) (per curiam) (citing *Gordon v. Watson*, 622 F.3d 120, 123 (5th Cir. 1980)).

## <u>Analysis</u>

### I. <u>The Gapasins neither presented evidence of, nor plausibly alleged, a wrongful foreclosure.</u>

The Gapasins allege that Defendants, individually and collectively, do not have the right to foreclose because they have not established a valid security interest in the Property, nor can they prove that they have a legitimate interest in the underlying deed of trust.  Dkt. 4 ¶ 38.  They maintain that defects in the processing, handling, and foreclosure proceedings render any sale of the Property unlawful and void.  *Id.* ¶ 39.

On the other hand, Defendants challenge the merits of the wrongful foreclosure claim, in a motion for summary judgment filed by Wells Fargo and MERS, and a motion to dismiss filed by Sand Canyon.  *See* Dkt. 11 at 7-9; Dkt. 12 at 8-9.  Wells Fargo contends it had a legal right to foreclose on the Property,

as the holder of the promissory note, assignee of the deed of trust, and owner of the loan in question.  Dkt. 11 at 3; Dkt. 16 at 2-4.  MERS argues that it has no liability on any of the Gapasins' claims because it has never asserted an interest in the note or the deed of trust.  *Id.* at 8; Dkt. 16 at 5.  Sand Canyon similarly asserts that it had no interest in the Property at the time of the foreclosure and was not involved in the foreclosure.  Dkt. 12 at 7-9; Dkt. 15 at 1-2.  The Court agrees with Defendants, as detailed below.

### A.   Wells Fargo was authorized to enforce the Deed of Trust as mortgagee.

The Gapasins argue that Wells Fargo lacked foreclosure authority because it did not acquire the note in accordance with the trust's terms and the PSA, making the assignment from Sand Canyon to Wells Fargo void.  Dkt. 4 ¶¶ 20, 33; Dkt. 4-1 at 90; Dkt. 13 at 1-2.  Because the assignment of note and deed of trust was filed almost four years after the note was transferred, the assignment post-dates the closing date of the trust, which the Gapasins contend amounts to a procedural defect under Tex. Civ. Prac. & Rem. Code § 16.033.  Dkt. 13 at 1-2.  They further claim that the note and deed of trust were separated, and Wells Fargo could not prove it was the noteholder when it foreclosed on the Property.  Dkt. 4 ¶ 44.

Wells Fargo asserts that, as noteholder, it was entitled to foreclose on the Property, and the Gapasins cannot challenge the transfer of the loan.  Dkt.

11 at 7-9.   Wells Fargo argues that Section 16.033 does not apply to assignments of deeds of trust and that its status as the holder and owner of the note and deed of trust did not depend on a valid assignment.  Dkt. 16 at 3-4.  Lastly, Wells Fargo maintains that the separation of the note from the deed of trust did not render the note unenforceable.  Dkt. 11 at 7-8.

"A wrongful-foreclosure claim under Texas law has three elements: (i) a defect in the foreclosure sale proceedings; (ii) a grossly inadequate selling price; and (iii) a causal connection between the defect and the grossly inadequate selling price." *Mahmoud v. De Moss Owners Ass'n, Inc.*, 865 F.3d 322, 329 (5th Cir. 2017) (internal quotation marks omitted).   Summary judgment on a wrongful foreclosure claim is proper when a plaintiff fails to produce evidence of all three elements.  *See Ericson v. Resurgent Capital Servs., L.P.*, 622 F. App'x 342, 345 (5th Cir. 2015) (citing *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 727 (5th Cir. 2013)).

> 1.   <u>The Gapasins have no authority to question the validity of the assignment to Wells Fargo.</u>

Instead of showing there was a defect in the foreclosure sale proceedings, a grossly inadequate selling price, or a causal connection between the two, the Gapasins opted to challenge the validity of the note assignment authorizing Wells Fargo to enforce the deed of trust and foreclose on the Property.  Dkt. 4 ¶ 20.  But "under Texas law, facially valid assignments cannot be challenged

for want of authority except by the defrauded assignor." *See Reinagel v. Deutsche Bank Nat. Tr. Co.*, 735 F.3d 220, 228 (5th Cir. 2013).  Borrowers like the Gapasins who are non-parties to a PSA have "no right to enforce its terms unless they are its intended third-party beneficiaries." *See id.*

In *Reinagel*, borrowers claimed that a bank lacked authority to foreclose under the deed of trust.  *Id.*  Among other reasons, they argued that the assignment of their mortgage to a bank-governed trust was void because it occurred after the closing date specified in the PSA.  *Id.*  The Fifth Circuit explained, however, that the borrowers could not enforce the PSA unless it clearly appeared that the parties to the PSA intended for the borrowers to benefit from the contract.  *Id.*  (quoting *Basic Capital Mgmt., Inc. v. Dynex Commercial, Inc.*, 348 S.W.3d 894, 900 (Tex. 2011)).  The borrowers "fail[ed] to state any facts indicating that the parties to the PSA *intended* that benefit." *Id.*  And even if they were third-party beneficiaries, that status "would not render the assignments void, but merely entitle the [borrowers] to sue for breach of the PSA."  *Id.*

Like the borrowers in *Reinagel*, the Gapasins cannot challenge the assignment "for want of authority" by claiming the PSA was violated.  *See id.* Although the Gapasins claim that the note's assignment to Wells Fargo is void because it post-dated the PSA's closing date, Dkt. 13 at 1-2, nowhere in their pleading or other submissions do the Gapasins assert that they are the PSA's

third-party beneficiaries.  They also fail to state any facts or produce any evidence to support such a claim.  Although they also seek to invalidate the assignment because of other procedural defects, *see* Dkt. 20 ¶ 3, the Gapasins "lack standing to challenge the assignment of their loan … under Texas law." *See Sigaran v. U.S. Bank Nat. Ass'n*, 560 F. App'x 410, 413 (5th Cir. 2014) (per curiam) (citing *Reinagel*, 735 F.3d at 228; *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 342 (5th Cir. 2013) (per curiam)).

### 2.   Section 16.033 does not apply.

The Gapasins' reliance on section 16.033 as a ground for wrongful foreclosure is equally misplaced.  The Gapasins claim that the four-year delay in filing the assignment of the note and deed of trust after the trust's 2007 closing date represents a "technical defect" pursuant to Section 16.033, giving rise to a claim for wrongful foreclosure.  Dkt. 13 at 1-2.  This argument is meritless because "Section 16.033 applies to instruments that convey real property, and the assignment of the deed of trust is not such an instrument." *Townsend v. BAC Home Loans Servicing, L.P.*, 461 F. App'x 367, 372 (5th Cir. 2011) (per curiam).  Moreover, any claim for the recovery of real property based on alleged defects in an instrument of conveyance carries a two-year statute of limitations from the date of filing—making the Gapasins' claim ten years too late.  *See* Tex. Civ. Prac. & Rem. Code § 16.033(a); Dkt. 11-4.

3.   <u>Wells Fargo, as the legal noteholder, had authority to enforce the deed of trust at the time of foreclosure.</u>

As a final challenge to Wells Fargo's right to foreclose, the Gapasins incorrectly assert that Wells Fargo did not validly hold the note because the note and deed of trust were split.   Dkt. 4 ¶ 44.   Under Texas law, "the beneficiary of the lien can be different from the holder of the note" and "'[t]he party to foreclose need not possess the note itself.'"   *Wiley v. Deutsche Bank Nat'l Trust Co.*, 539 F. App'x 533, 536 (5th Cir. 2013) (quoting *Martins v. BAC Home Loans Servicing*, L.P., 722 F.3d 249, 255 (5th Cir. 2013)). "So long as it is a beneficiary named in the deed of trust or an assign, that party may exercise its authority even if it does not hold the note itself." *Id.* The Gapasins' "contention that the foreclosure was invalid because the Note and Deed of Trust were bifurcated fails as a matter of law." *See Smith v. Mortgage Elec. Registration Sys., Inc.*, 2012 WL 13054735, at *2 (S.D. Tex. Oct. 19, 2012).

In addition, Texas law provides that "a party has standing to initiate a non-judicial foreclosure sale if the party is a mortgagee." *See EverBank, N.A. v. Seedergy Ventures, Inc.*, 499 S.W.3d 534, 538 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (citing Tex. Prop. Code §§ 51.002, 51.0025); *Crear v. JP Morgan Chase Bank N.A.*, 2011 WL 1129574, at *1 n.1 (5th Cir. Mar. 28, 2011) (per curiam) ("The Texas Property Code provides that either a mortgagee or mortgage servicer may administer a deed of trust foreclosure without

production of the original note."). A mortgagee includes "the grantee, beneficiary, owner, or holder of a security instrument; a book entry system; or if the security interest has been assigned of record, the last person to whom it was assigned of record". *See* Tex. Prop. Code § 51.0001(4)(a)-(c).

Here, Wells Fargo was a "mortgagee" entitled to enforce the deed of trust. Wells Fargo possessed the note, indorsed in blank, making it the noteholder with the right to enforce both the note and the deed of trust. Dkt. 11-1 ¶ 9; Dkt. 11-2; s*ee also Whittier v. Ocwen Loan Servicing, L.L.C.*, 594 F. App'x 833, 835 (5th Cir. 2013) (per curiam) ("Under Texas law, a bank in possession of a note indorsed in blank is entitled to collect on it."). In addition, Wells Fargo was the last entity to own the deed of trust and to whom the deed of trust was assigned of record. Dkt. 11-1 ¶ 8-9; Dkt. 11-4. Therefore, Wells Fargo was entitled to enforce the deed of trust. Summary judgment is warranted in favor of Wells Fargo on the wrongful foreclosure claim.

### B.   Uncontroverted evidence establishes that MERS was not a party to the Note or Deed of Trust.

The Gapasins named MERS as a defendant in their amended complaint, alleging it was a "nominee beneficiary" under the deed of trust. Dkt 4 ¶ 40. Based on this contention, the Gapasins maintain that MERS was not entitled to transfer the note or assign the deed of trust, making any assignment defective. *Id.* ¶¶ 19, 21, 41, 46. They further contend that MERS and did "not

have the requisite title, perfected security interest or standing to proceed in a foreclosure." *Id.* ¶ 21; *see also id.* ¶ 41.

On the other hand, MERS asserts, and the Court agrees, that no evidence suggests that MERS had any involvement in the loan or the foreclosure. MERS is not the beneficiary under the deed of trust, *see* Dkt. 11-3, and it does not appear anywhere in the assignment of note and deed of trust, *see* Dkt. 11-4. So the Gapasins have no basis to claim that MERS's supposed (but unsubstantiated) involvement affects the validity of Wells Fargo's interests in the note or deed of trust. And even if MERS had been named a beneficiary in the assignment, "MERS [would have] had the right to assign the [deed of trust]" because Chapter 51 of the Texas Property Code includes book-entry systems in its definition of "mortgagee." *See Ferguson v. Bank of New York Mellon Corp.*, 802 F.3d 777, 781 (5th Cir. 2015); *Martins*, 722 F.3d at 255 ("Because MERS is a book-entry system, it qualifies as a mortgagee."); *see also Farkas*, 737 F.3d at 342 ("*Martins* permits MERS and its assigns to bring foreclosure actions under the Texas Property Code.").

In response to MERS's motion for summary judgment, the Gapasins contend that MERS was involved with the assignment because the PSA's registry requirements indicate that the "loan will be registered electronically through the MERS System on behalf of the TRUSTEE." Dkt. 13 at 2 (citing Dkt. 13 at 22, PX-C). But the cited document does not dictate how the loan

was to be registered.  Rather, it states that the loan will be registered through MERS "[i]f so specified in the related prospectus supplement."  Dkt. 13 at 22. No evidence indicates that the loan had be registered through the MERS system or that MERS was otherwise involved in the foreclosure.  The Gapasins' wrongful foreclosure claim against MERS therefore fails.

### C.   The Gapasins fail to state a plausible wrongful foreclosure claim against Sand Canyon.

In its motion to dismiss, Sand Canyon maintains it was not involved in the foreclosure because it had assigned the deed of trust to Wells Fargo and retained no further interest in the Property.  Dkt. 12 at 8.  The Gapasins' response fails to address Sand Canyon's arguments, merely restating that none of the Defendants had "any standing to foreclose."  Dkt. 14 ¶ 3.  Sand Canyon notes that exhibits attached to the Gapasins' complaint and response demonstrate that it was not the mortgagee at the time of the foreclosure sale. Dkt. 15 at 2.  Indeed, the notice of acceleration names Wells Fargo, alone, as the "Mortgagee of the Note and Deed of Trust" associated with the loan.  Dkt. 4-1 at 85.  Likewise, the substitute trustee's deed and notice of sale identifies Wells Fargo as the "current mortgagee" when the foreclosure occurred.  Dkt. 14 at 7, 9.  Even the Gapasins admit that Sand Canyon "relinquished its interest" in the Property.  Dkt. 4 ¶ 53; Dkt. 20 ¶ 2.

Having alleged no facts indicating that Sand Canyon was involved in the allegedly wrongful foreclosure, the Gapasins fail to state a plausible basis relief. *See Kafi v. Sand Canyon Corp.*, 2022 WL 3084480, at *14 (S.D. Tex. Aug. 3, 2022) (dismissal warranted absent allegations that Sand Canyon was involved in foreclosure proceedings or "ha[d] a current interest in the loan or deed of trust"), *adopted by* 2022 WL 4454395 (S.D. Tex. Sep. 23, 2022). The wrongful foreclosure claim against Sand Canyon should be dismissed.

## II.   **The Gapasins have not raised a genuine issue of material fact that MERS breached a contract, nor have they properly alleged this claim against Sand Canyon.**

Under Texas law, the elements of a breach of contract claim are "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff as a result of the defendant's breach." *Williams v. Wells Fargo Bank, N.A.*, 884 F.3d 239, 244 (5th Cir. 2018) (quoting *Caprock Inv. Corp. v. Montgomery*, 321 S.W.3d 91, 99 (Tex. App.—Eastland 2010, pet. denied)). A claim for breach of a deed of trust "must identify the specific provision in the contract that was breached." *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014) (per curiam). "A breach of contract occurs when a party fails to perform an act that it has expressly or impliedly promised to perform." *Case Corp. v. Hi-Class Bus. Sys.*, 184 S.W.3d 760, 769-70 (Tex. App.—Dallas 2005, pet. denied).

16

In both their amended complaint and motion for summary judgment, the Gapasins assert that Sand Canyon and MERS breached the deed of trust by failing to "satisfy, release, and reconvey the security instrument" following the transfer of the loan as part of the securitization process.  Dkt. 4 ¶¶ 53, 55; Dkt. 20 ¶ 2.  As support, the Gapasins cite paragraph 22,[4] which provides that "[u]pon payment of all sums secured by this Security Instrument, Lender shall release this property without warranty to the person or persons legally entitled to it."  Dkt. 4 ¶ 53; Dkt. 20 ¶ 2; Dkt. 4-1 at 17.  The Gapasins contend that the loan was paid in full when it was sold to the trust, implying this payment discharged their own loan obligation.  *See* Dkt. 4 ¶ 54; Dkt. 20 ¶ 2.

Defendants dispute that Sand Canyon's sale of the loan constitutes performance by the Gapasins.  Dkt. 11 at 10; Dkt. 12 at 6.  Sand Canyon asserts that the Gapasins are not entitled to a release of the deed of trust because they did not pay all sums secured by the deed of trust pursuant to Paragraph 22.  Dkt. 12 at 2.  For its part, MERS maintains that it is not a proper defendant to this or any of the Gapasins' claims.  Dkt. 16 at 5.

---

[4] In their amended complaint, *see* Dkt. 4 ¶ 55, and motion for summary judgment, Dkt. 20 ¶ 2, the Gapasins miscite paragraph 23 of the deed of trust for the "Release" provision.  This language, however, is found in paragraph 22.

### A.   Sand Canyon did not breach the deed of trust.

Sand Canyon argues the Gapasins' breach of contract claim fails as a matter of law because they cannot establish (1) that they paid the sums required to release the deed of trust, *i.e.*, performance, or (2) that Sand Canyon breached the deed of trust by not releasing it upon FASCO's purchase of the loan during the securitization process. Dkt. 12 at 5-6. The Gapasins' response does not address this argument. *See generally* Dkt. 14.

Sand Canyon is correct that "the securitization of a mortgage loan does not discharge the obligations of a borrower." Dkt. 12 at 6 (citing *Warren v. Bank of Am., N.A.*, 2012 WL 3020075, at *6 (N.D. Tex. 2012) (collecting cases), *adopted by* 2013 WL 1131252 (N.D. Tex. Mar. 19, 2013), *aff'd*, 566 F. App'x 379 (5th Cir. 2014); *Marban v. PNC Mortg.*, 2013 WL 3356285, at *10 (N.D. Tex. 2013) (same)); *see also Rice v. JPMorgan Chase Bank, Nat. Ass'n*, 2015 WL 4112287, at *3 (S.D. Tex. July 7, 2015) (rejecting claim that the deed of trust should have been released when loan was sold to a third party).

Like the plaintiffs in *Rice*, the Gapasins cannot assert a plausible breach-of-contract claim by relying on Sand Canyon's sale of their loan to FASCO. By misconstruing the deed of trust, the Gapasins suggest they can invoke FASCO's payment to satisfy their own debt. Dkt. 4 ¶¶ 53-55; Dkt. 20 ¶ 2. But this payment does not constitute "payment of *all sums secured by this Security Instrument*" as the deed of trust requires. *See* Dkt. 4-1 at 7 (emphasis added).

18

Rather, "by its terms the deed of trust 'secures … repayment of the debt evidenced by the Note,' an obligation clearly placed on the borrower, *i.e.*, [the Gapasins]." *See Rice*, 2015 WL 4112287 at \*3; Dkt. 4-1 at 7.

Consequently, payment of all "sums secured by the Security Instrument … appear to be all payments due from [the Gapasins] under the Note, not the consideration received in a sale or other transfer of the Note itself." *See Rice*, 2015 WL 4112287 at \*3; Dkt. 4-1 at 7. The Gapasins cannot pass off *FASCO*'s payment as *their own* performance under the deed of trust. They have not adequately pleaded a viable breach of contract by Sand Canyon.

## B. The Gapasins cannot show that MERS was a party to the note or deed of trust.

As already concluded, MERS is neither a party to nor an assignee of the note or the deed of trust and thus cannot be liable for any breach of those agreements. *See supra* Part I.B; *Sitaram v. Aetna U.S. Healthcare of N. Tex., Inc.*, 152 S.W.3d 817, 825 (Tex. App.—Texarkana 2004, no pet.) ("It is fundamental that a contract is not binding on a nonparty.").

In their response to Wells Fargo and MERS's summary judgment motion, the Gapasins maintain that MERS breached the contract by failing to register the loan through MERS's system. Dkt. 13 ¶ 8. But the Gapasins cite no provision in the PSA mandating this registration. *See generally* Dkt. 13; Dkt. 20. The evidence at most indicates that the loan will be registered

through MERS "[i]f so specified in the related prospectus supplement." Dkt.

13 at 22. Furthermore, the Gapasins cannot enforce any provision of the PSA

because they are not parties or third-party beneficiaries to that agreement.

*See supra* I.A; *see also Bryant v. CIT Grp./Consumer Fin., Inc.*, 303 F. Supp.

3d 515, 522 (S.D. Tex. 2018) (citing *Reinagel*, 735 F.3d at 228). MERS is

entitled to summary judgment on the Gapasins' breach-of-contract claim.

### III.  **Defendants do not assert, and the Gapasins have not substantiated, a present interest in the Property as necessary for a quiet title claim.**

The foregoing analysis defeats the Gapasins' claim for quiet title. A quiet

title claim "relies on the invalidity of the defendant's claim to the property."

*Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.—Houston

[1st Dist.] 2012, pet. denied) (reversing judgment on quiet title because

plaintiff failed to establish that defendant's lien was invalid). "To establish a

quiet title claim, a plaintiff must show the following: (1) an interest in specific

property; (2) that title to the property is affected by defendants' claim; and (3)

that the claim, although facially valid, is invalid or unenforceable." *Trotter v.*

*Bank of Am., N.A.*, 2013 WL 12106138, at *4 (S.D. Tex. June 28, 2013) (citing

*Sadler v. Duvall*, 815 S.W.2d 285, 293 n.2 (Tex. App.—Texarkana 1991, writ

denied)). To obtain relief, a party "must prove, as a matter of law, right, title,

or ownership in himself with sufficient certainty to enable the court to see that

he has a right of ownership and that the alleged adverse claim is a cloud on

the title that equity will remove." *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (collecting authorities).

According to the Gapasins, Defendants claim an interest to the Property that clouds their title. Dkt. 4 ¶¶ 57-60. Wells Fargo reasonably interprets the Gapasins' allegations as contending that the assignment from Sand Canyon was invalid. Dkt. 11 at 11; *see also* Dkt. 13 ¶ 9. As already concluded, however, (1) the Gapasins "lack standing to challenge the assignment of their loan … under Texas law," s*ee Sigaran*, 560 F. App'x at 413, (2) Section 16.033 does not apply; and (3) Wells Fargo, the legal noteholder, was entitled to enforce the deed of trust via non-judicial foreclosure. *See supra* Part I.A.

Moreover, as the Gapasins concede, "Defendants have no estate, title, lien or interest in or to the Real Property, or any part of the Real Property." Dkt. 4 ¶ 59. MERS never claimed an interest in the Property. *See supra* Part I.B, II.B. Sand Canyon retained no interest in the Property after assigning the deed of trust to Wells Fargo in April 2011. Dkt. 11-4. Wells Fargo has no interest in it either because it foreclosed on and sold the Property to Everlasting in January 2023. Dkt. 11-9. Because Defendants have no interest in the Property, the Gapasins cannot show that any such interest clouds their title.

The Gapasins also fail to assert "with sufficient certainty" that they have an ownership right to the Property. *See Hahn*, 321 S.W.3d at 531. Beyond

mere conclusory allegations, the Gapasins offer no proof that they hold superior title to anyone. *See* Dkt. 4 ¶¶ 3, 13, 26, 28, 65. To the contrary, the Gapasins cannot maintain that they have any title that a competing interest could cloud. The Gapasins failed to cure their default by paying the amount due and owed on the note. *See Halton v. Select Portfolio Servicing, Inc.*, 2019 WL 1243923, at *6 (N.D. Tex. Mar. 3, 2019) (quiet title claim dismissed because plaintiff "fail[ed] to allege facts demonstrating that she tendered the amount owed on the Note"), *adopted by* 2019 WL 1243143 (N.D. Tex. Mar. 18, 2019); *Logan v. Carrington Mortg. Servs., LLC*, 2020 WL 853857, at *6 (S.D. Tex. Jan. 14, 2020) ("Plaintiffs' failed attempt to pay makes summary judgment appropriate on Plaintiffs' suit to quiet title."), *adopted by* 2020 WL 837594 (S.D. Tex. Feb. 20, 2020). That is why the Property was sold to a third party at a foreclosure sale. *See* Dkt. 11-9 at 2-3. For these myriad reasons, the Gapasins' quiet title claim is barred.

## IV.    **The Gapasins are not entitled to a temporary restraining order or injunctive relief.**

In their fourth claim, the Gapasins request that the Court enjoin all Defendants from "prosecuting any continuance of a foreclosure sale pending trial." Dkt. 4 ¶ 69. Yet neither MERS nor Sand Canyon attempted to foreclose or were ever involved in the foreclosure proceedings. *See* Part I.B & C. Furthermore, Wells Fargo foreclosed on the Property months before this suit

was filed, *see* Dkt. 11-9, which moots the Gapasins' request for injunctive relief. *See NCNB Tex. Nat'l Bank v. Southwold Assocs.*, 909 F.2d 128, 129 (5th Cir. 1990) (foreclosure mooted request for preliminary injunction).

Second, requests for injunctive relief are derivative; they depend on the existence of some other cause of action. *See Filgueira v. U.S. Bank Nat. Ass'n*, 734 F.3d 420, 423 (5th Cir. 2013) (per curiam). As concluded *supra*, Parts I-III, the Gapasins failed to assert plausible claims for wrongful foreclosure, breach of contract, and quiet title. There are also no fact issues on any of these claims. Without a viable underlying cause of action, the Gapasins' requests for a temporary restraining order and injunctive relief fail as a matter of law. *See, e.g.*, *Payrovi v. Wells Fargo Bank, NA*, 2017 WL 4950066 (S.D. Tex. Oct. 31, 2017) ("[I]njunctive relief without a cause of action supporting entry of judgment must be dismissed.").

## V.  No underlying cause of action supports the Gapasins' request for declaratory judgment.

Lastly, the Gapasins seek a declaration that they are the equitable owners of the Property. Dkt. 4 ¶¶ 71-73. But their request for declaratory judgment cannot survive dismissal of their substantive claims because "Texas and federal law require the existence of a justiciable case or controversy in order to grant declaratory relief." *See Val-Com Acquisitions Tr. v. CitiMortgage, Inc.*, 421 F. App'x 398, 400 (5th Cir. 2011) (per curiam) (citing

*Bauer v. Texas*, 341 F.3d 352, 357-58 (5th Cir. 2003); *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995)).   Dismissal of the Gapasins' other claims thus forecloses their further request for declaratory relief.   *See, e.g., Davis v. Silver State Fin. Services*, 2014 WL 713235, at *10 (S.D. Tex. Feb. 20, 2014) (dismissal of substantive claims precludes declaratory relief).

<u>Recommendation</u>

For the foregoing reasons, it is **RECOMMENDED** that Defendants Wells Fargo Bank, National Association as Trustee for Soundview Home Loan Trust 2007-OPT3, Asset-Backed Certificates, Series 2007's and Mortgage Electronic Registration Systems, Inc.'s motion for summary judgment (Dkt. 11) be **GRANTED**.

It is further **RECOMMENDED** that Defendant Sand Canyon Corporation's motion to dismiss (Dkt. 12) be **GRANTED**.

It is further **RECOMMENDED** that Plaintiffs Carlos O. Gapasin and Rosalynn D. Gapasin's motion for summary judgment (Dkt. 20) be **DENIED**.

For clarity, the Gapasins' claims against Defendants Greenwich Capital Financial Products, Inc. and Financial Asset Securities Corp. remain pending.[5]

**The parties have fourteen days from service of this Report and Recommendation to file written objections.  28 U.S.C. § 636(b)(1); Fed.**

---

[5] The Court recently issued a show cause order to address the lack of service of process against those defendants.  *See* Dkt. 29.

R. Civ. P. 72(b).   Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.  *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).

Signed on June 5, 2024, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge